**HUASCAR GALVEZ MONTOYA**
Reg. No. 75925-308
FCI McDowell
FEDERAL CORRECTIONAL INSTITUTION
P.O.BOX 1009
WELCH, WV  24801



**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA (Central)**

| | |
|---|---|
| **HUASCAR MONTOYA,** | Cs. No. **4:12-cr-00123-SHL-HCA-1** |
| Petitioner, | **CONSOLIDATED MOTION:** |
| | **MOTION FOR SENTENCE** |
| Vs. | **REDUCTION UNDER 18 U.S.C. § 3582,** |
| | **et seq. and USSG 1B1.10(3), (Pursuant** |
| **UNITED STATES OF AMERICA,** | **to Amendment 821– Downward** |
| | **Adjustment; Amendment 814) AND** |
| Plaintiff. | **MOTION FOR APPOINTMENT OF** |
| | **COUNSEL** |

**COMES NOW**, the Petitioner, a pauper in Federal Custody, acting pro se, respectfully moves this Court pursuant Amendment 814 and 821, in addition, to the newly-amended **18 U.S.C. § 3582, et seq.**, for an order reducing his sentence to time served based on several factors, that together satisfy "**extraordinary and compelling reasons**". Petitioner's Compassionate Release Motion satisfies the "extraordinary and compelling reasons" standard under § **3582(c)(1)(A)(i)**, as elaborated by the Sentencing Commission in **U.S.S.G. § 1B1.13**. After considering the applicable factors set forth in **18 U.S.C. § 3553(a)**, Petitioner respectfully requests that the Court reduce Petitioner's sentence to time served and modify to the most strictest conditions the terms of supervised release to accommodate his probation.

## PRO SE CAPACITY

Petitioner respectfully requests this honorable Court liberally construe and hold Petitioner's motion to a standard "less stringent than those crafted by attorneys" **Haynes v. Kerner**, 404 U.S. 519, 520 (S. Ct. 1972); See also, **Ayala Serrano v. Gonzalez**, 909 F.2d 8, 15 (1st Cir. 1991).

## AMENDMENT 814
## REDUCTION IN SENTENCE PURSUANT TO SECTION 3582(C)(1)(A)

**UNDER AMENDMENT 814,** effective November 1, 2023, The amendment revises **§1B1.13** (colloquially referred to as the Commission's "Compassionate Release" policy statement) to reflect that a defendant is now authorized to file a motion under **18 U.S.C. § 3582(c)(1)(A)**, making **§1B1.13** applicable to both defendant filed and BOP-filed motions. The amendment expands the list of "extraordinary and compelling reasons" in five ways to better account for the plain language of section **3582(c)(1)(A)** and its legislative history, to reflect the reasons relied upon by many courts after passage of the First Step Act in the absence of a binding policy statement, and to account for recent experiences—including those pertaining to the pandemic: (1) adds "Medical Circumstances" subcategories; (2) modifies the "Family Circumstances" category; (3) adds a "Victim of Abuse" category; (4) revises the "**Other Reasons**" category; and (5) adds an "**Unusually Long Sentences**" category, permitting consideration of non-retroactive changes in law in a narrow set of circumstances.

## DISCUSSION ON RETROACTIVE AMENDMENT 821

Petitioner submits that Amendment 821 became effective on November 1, 2023. However, Petitioner submits that **1B1.10 Commentary Application Notes (1)(B)(iii) calls for review of post sentencing conduct**. Petitioner has actively participated in and completed multiple evidence-based recidivism reduction programs and BOP assigned courses, which have positively impacted Petitioner's rehabilitation efforts. Furthermore, as indicated in the risk and needs assessment (PATTERN) Report – which analyzes a prisoner's likelihood of recidivating – Petitioner is currently categorized as a low recidivism level. Also, and not importance, Petitioner has been incarcerated during the COVID-19 pandemic locked down in solitary confinement, which been unusually harsh and inhumane and demoralizing (which is a **18 USC Section 3553**(2) factor).

## RELEVANT FACTS AND PROCEDURAL HISTORY

Petitioner was convicted of the following, resulting in a mandatory minimum on each:

| | |
|---|---|
| CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE 21:846 and 841(b)(1)(A) (Conspiracy to Distribute Methamphetamine) (1s) | Defendant is sentenced to the custody of the BOP for 240 months on Count 1s. Upon release Defendant shall be immediately placed on Supervised Release of 60 months on Count 1s. The Defendant is ordered to pay $100 to the Crime Victims Fund. Defendant is advised of appeal rights. |

Petitioner argues that he qualifies for a reduction pursuant to United States v. Raul Cruz, Case No.: 2:12-cr-00076-PD (USDC EDPenn. 2/6/2024).

### A. United States v. Hicks

Petitioner submits that in United States v. Hicks, the Ninth Circuit acknowledged that Booker vested sentencing judges with the discretion to disagree with not only a specific sentencing guideline, but with the Sentencing

**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582, et seq. and USSG 1B1.10(3), (Pursuant to Amendment 821– Downward Adjustment; Amendment 814) AND MOTION FOR APPOINTMENT OF COUNSEL**

Commission's policy statements as well. It did so, moreover, in the context of a proceeding to reduce a sentence under **18 U.S.C. § 3582(c)**. The Court observed that § 3582(c)(2) "allows the district court to re-calculate the defendant's sentencing range using the newly reduced Guideline, and then determine an appropriate sentence in accordance with **§ 3553(a)** factors." Booker's "clear language," the Court further noted, "makes the [re-calculated] range advisory." The Court explained:

> Booker explicitly stated that, "as by now should be clear, [a] mandatory system is no longer an open choice." Booker, 543 U.S. at 263 .... Although the Court acknowledged that Congress had intended to create a mandatory Guidelines system, Booker stressed that this was not an option: "[W]e repeat, given today's constitutional holding, [a mandatory Guideline regime] is not a choice that remains open.... [W]e have concluded that today's holding is fundamentally inconsistent with the judge-based sentencing system that Congress enacted into law. Id. at 265 .... The Court never qualified this statement, and never suggested, explicitly or implicitly, that the mandatory Guideline regime survived in any context.
>
> In fact, the Court emphasized that the Guidelines could not be construed as mandatory in one context and advisory in another. .... [T]he Court dismissed this notion, stating, "we do not see how it is possible to leave the Guidelines as binding in other cases.... [W]e believe that Congress would not have authorized a mandatory system in some cases and a nonmandatory system in others, given the administrative complexities that such a system would create." Id. at 266 ....
>
> In short, Booker expressly rejected the idea that the Guidelines might be advisory in certain contexts an not in others, and Congress has done nothing to undermine this conclusion. Id.

Accordingly, "Because a 'mandatory system is no longer an open choice,' ... district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under **§ 3582(c)(2)**." "Mandatory Guidelines," the Ninth Circuit concluded, "no longer exist, in this context or any other." That being so, the final clause of **§ 3582(c)(2)** — limiting

**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582, et seq. and USSG 1B1.10(3), (Pursuant to Amendment 821– Downward Adjustment; Amendment 814) AND MOTION FOR APPOINTMENT OF COUNSEL**

a reduction to one that is "consistent with applicable policy statements issued by the Sentencing Commission" — must be read to require no more than application of the Guidelines in an advisory, rather than a mandatory fashion

The Ninth Circuit further considered what effect the Sentencing Commission's policy statements should have in a § 3582(c)(2) proceeding after Booker. Addressing whether the policy statements set forth **USSG § 1B1.10 (Nov. 2000)** preclude a district court from "go[ing] below the Guidelines' minimum when modifying a sentence under § 3582(c)(2)," the Ninth Circuit held they did not, and — important here — that even if they did, they "must be void" under Booker.

The pre-Booker version of **USSG § 1B1.10** that the Court confronted in Hicks provided that "the court should consider the term of imprisonment that it would have imposed had the amendment[s] to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced[.]" An application note added that "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. All other guideline application decisions remain unaffected." And background commentary remarked that reductions of retroactive Guideline amendments were "discretionary" and did "not otherwise affect the lawfulness of a previously imposed sentence, [did] not authorize a reduction in any other component of the sentence, and [did] not entitle a defendant to a reduced term of imprisonment as a matter of right."

In holding that these policy statements did not preclude a court from treating the re-calculated guideline range as advisory, the Court emphasized that § 1B1.10(b) "state[d] only that the court 'should consider the term of imprisonment that it could have imposed ...,' and not that it may only impose that sentence." The Court similarly observed that, "just because Hicks is not

**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582, et seq. and USSG 1B1.10(3), (Pursuant to Amendment 821– Downward Adjustment; Amendment 814) AND MOTION FOR APPOINTMENT OF COUNSEL**

entitled to a sentence reduction as a matter of right does not mean that he may not be entitled to one as a matter of discretion."

## B. Petitioner has extraordinary and compelling reasons justifying a sentence reduction.

Petitioner's current sentence presents "extraordinary and compelling reasons" for three reasons: First, Petitioner has been incarcerated for several years of his sentence. Second, Petitioner received an unusually long sentence his minimal participation. And third, Petitioner has a remarkable record of rehabilitation showing that, if released, he is no danger to the public. **See Appendix A.**

## C. With Full Consideration Of The § 3553(a) Factors, Petitioner's Time Served Constitutes A Sentence Sufficient But Not Greater Than Necessary To Accomplish The Goals Of Sentencing.

Under all of the circumstances in this case, this honorable Court should conclude that the time that Petitioner has already served is sufficient to satisfy the purposes of sentencing. Under **Pepper v. United States**, 562 U.S. 476, 490-93 (2011), the Court can, and indeed must, consider post-offense developments under § 3553(a), which provides "the most up-to-date picture" of the defendant's history and characteristics and "sheds light on the likelihood that [the defendant] will engage in future criminal conduct." Id. at 492.

Here, the overriding factor under § 3553(a) that was not present at the time of sentencing is Petitioner history of remorse, and post-rehabilitation. Although the circumstances of the present offense and Petitioner's conduct qualified him for the serious sentence that this Court originally imposed, Petitioner's health at the time of sentencing provided no indication that the sentence would be, in effect, a sentence with a probability to die in prison.

As recognized in the Sentencing Commission's policy statement on physical condition, extraordinary impairments provide reasons for downward

**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582, et seq. and USSG 1B1.10(3), (Pursuant to Amendment 821– Downward Adjustment; Amendment 814) AND MOTION FOR APPOINTMENT OF COUNSEL**

departures for "seriously infirm" defendants, including to home detention at initial sentencing "as efficient as, and less costly than, imprisonment." **U.S.S.G. § 5H1.4**; see also **18 U.S.C. § 3553(a)(2)(D)** (consideration of providing needed medical care in the most effective manner). Petitioner's extensive post-rehabilitation, physical and mental condition following his medical history forecloses a probability of dangerous recidivism. Further, at 56 years old, Petitioner's age places him in the class of prisoners least likely to recidivate. United States Sentencing Commission, **The Effects of Aging on Recidivism Among Federal Offenders (December 2017)**. Having undergone several years of incarceration, and having experienced physical and mental deterioration during the pandemic, Petitioner does not constitute a danger to any other person or to the community.

Petitioner is not the same person this honorable Court sentence about a years ago. The Court should conclude that the years of the sentence already served has sufficiently met the purposes of sentencing after considering Petitioner's extraordinary and compelling circumstances.

### D. The Conditions Of Supervised Release Should Be Modified To Accommodate The Reasons For The Sentencing Reduction.

Petitioner respectfully should be allowed to formulate a solid release plan with the assistance of Counsel and the Probation Office during the administrative compassionate release proceedings. Petitioner's immediate relatives/family provides familial, financial, religious, mental and health support.

Accordingly, if the Court grants this motion, Petitioner would ask the Court to impose the strictest conditions and terms of supervised release to accommodate his probation-approved release plan.

**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582, et seq. and USSG 1B1.10(3), (Pursuant to Amendment 821– Downward Adjustment; Amendment 814) AND MOTION FOR APPOINTMENT OF COUNSEL**

**E. Petitioner Submits that Mitigating Character Letters are an Additional Factor to Support extraordinary and compelling reasons justifying a sentence reduction.**

Most importantly, Petitioner respectfully requests Leave from this honorable Court to allow for immediate family members and friends, potential employers, and other individuals acquainted and known to Petitioner to submit and be acknowledged mitigating character letters in support for the § 3553(a) analysis. See, **United States v. Handlon**, 53 F. 4th 348 (5th Cir. 2022).

**F. Recidivism Studies - Petitioner is Not a Danger or Risk to the Community**

The USSG Commission (the Commission) recent studies demonstrate rehabilitation exist in the BOP and is working while recidivism is less likely to recur with aged defendants over 50 as compared with younger 20 year olds. See **Recidivism Among Federal Offenders A Comprehensive Overview 23 (2016),** Recidivism Among Federal Firearm Offenders (2019); **The Effect of Aging on Recidivism Among Federal Offenders (2017)** (determining recidivism in adults is sliced by more than 50% compared to young adults at 21%). Most recently, recidivism among those who received Section **3582(c)** minus-tow (**Amendment 782**) **(2014)** reduction and only a minor fraction recidivated while for minor infractions such as supervise release violations and minor as oppose to serious crimes or felonies.

Petitioner nears his 49th birthday, among other issues now present. The conduct ended long ago, and Petitioner has refrained from a life of crime long

8

**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582, et seq. and USSG 1B1.10(3), (Pursuant to Amendment 821– Downward Adjustment; Amendment 814) AND MOTION FOR APPOINTMENT OF COUNSEL**

before his conviction. Petitioner is less likely to recidivate and prepared to function as benign citizen upon release.

The U.S. Sentencing Commission assigns a value of 470 months (39 years and two months) to sentence of life imprisonment for any statistical analysis in which a term of months is required. See **US. Sent Comm'n, 2013 SOURCEBOOK OF FEDERAL SETNENCING STATISTICS S-170 (2014).** This sentence length is consistent with the average life expectancy of federal criminal defendants. The U.S. Sentencing Commission has recently determined federal incarcerated individuals' life expectancy at 64 years. Thus, Petitioner's several year sentence nearing several years-time served with remaining several years of life expectancy. A reduction in sentence to near or immediate release will still reflect the seriousness of the offense of conviction and has send a strong message to others.

## G. Request For Appointment Of Counsel

Petitioner has been attempting to obtain his case documents in order, however, his incarcerated status makes it difficult to obtain his original judgment, plea agreement, sentencing transcripts, etc. Petitioner at this time is unable to properly brief and calculate Petitioner's new guideline range based under Amendment 821 and 814.

Petitioner, acting pro se, drafted his Motion under Amendment 821, however, in the abundance of caution, Petitioner is unable to explain how Petitioner's criminal history points and guideline range would be different under Amendment 821/814 because of the lack of proper documentation and

MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582, et seq. and USSG 1B1.10(3), (Pursuant to Amendment 821– Downward Adjustment; Amendment 814) AND MOTION FOR APPOINTMENT OF COUNSEL

professional assistance. Petitioner requests assistance to obtain his documentation. Petitioner will be able to provide this honorable Court with a detailed explanation on how Petitioner's criminal history points and guideline range would be different under Amendment 821/814.

Petitioner does not have an attorney. Petitioner respectfully requests an attorney be appointed to help Petitioner in properly briefing the application of Amendment 821/814, and obtain the documents and evidence surrounding housing, Family, Employment and necessary information and medical documents.

For this reason, Petitioner respectfully submitted additional motions related to this motion, and a request for counsel.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court grant reduction in sentence to time served and amend the conditions of supervised release as requested.

August 1, 2024

Respectfully submitted,

Signature

HUASCAR GALVEZ MONTOYA
Reg. No. 75925-308
FCI McDowell
FEDERAL CORRECTIONAL
INSTITUTION
P.O.BOX 1009
WELCH, WV  24801

**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582, et seq. and USSG 1B1.10(3), (Pursuant to Amendment 821– Downward Adjustment; Amendment 814) AND MOTION FOR APPOINTMENT OF COUNSEL**

HUASCAR GALVEZ MONTOYA
Reg. No. 75925-308
FCI McDowell
FEDERAL CORRECTIONAL INSTITUTION
P.O.BOX 1009
WELCH, WV  24801

## U.S. DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA (Central)

| | |
|---|---|
| **HUASCAR MONTOYA,** | Cs. No. **4:12-cr-00123-SHL-HCA-1** |
| Petitioner, | **MOTION FOR AN ORDER DIRECTING THE GOVERNMENT TO PROCURE/PRODUCE PETITIONER'S POST-REHABILITATION DOCUMENTS** |
| Vs. | |
| **UNITED STATES OF AMERICA,** | **IN SUPPORT OF: 18 U.S.C. §** |
| Plaintiff. | ~~3582, et seq.~~ |

Petitioner respectfully submits that all his records to his documents are available with his **Unit Counselor** at FCI McDowell, FEDERAL CORRECTIONAL INSTITUTION, P.O.BOX 1009, WELCH, WV  24801. The petitioner has attempted to obtain all his documents to provide the Court to no avail.

August 1, 2024

Signature _____
HUASCAR GALVEZ MONTOYA
Reg. No. 75925-308
FCI McDowell
FEDERAL CORRECTIONAL
INSTITUTION
P.O.BOX 1009
WELCH, WV  24801

**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582, et seq. and USSG 1B1.10(3), (Pursuant to Amendment 821– Downward Adjustment; Amendment 814) AND MOTION FOR APPOINTMENT OF COUNSEL**

HUASCAR GALVEZ MONTOYA
Reg. No. 75925-308
FCI McDowell
FEDERAL CORRECTIONAL INSTITUTION
P.O.BOX 1009
WELCH, WV  24801

## U.S. DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA (Central)

| | |
|---|---|
| **HUASCAR MONTOYA,** | Case No. **4:12-cr-00123-SHL-HCA-1** |
| Petitioner, | **MOTION FOR AN ORDER DIRECTING THE GOVERNMENT TO PROCURE/PRODUCE PETITIONER'S MEDICAL RECORDS AND ADDITIONAL INFORMATION IN SUPPORT OF MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582, et seq.** |
| Vs | |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

Medical records and additional medical are available at the BOP Medical Department, **Medical Department BOP** at FCI McDowell, FEDERAL CORRECTIONAL INSTITUTION, P.O.BOX 1009, WELCH, WV  24801. The petitioner has attempted to obtain all his Medical Records to provide the Court to no avail. The petitioner submits that it is difficult to obtain documents from staff due to restrictions and burdens placed on inmates due to institutional restrictions or burdens placed on inmates, or understaffing and counselors are rarely available.

August 1, 2024

HUASCAR GALVEZ MONTOYA
Reg. No. 75925-308
FCI McDowell
FEDERAL CORRECTIONAL INSTITUTION
P.O.BOX 1009
WELCH, WV  24801

12

**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582, et seq. and USSG 1B1.10(3), (Pursuant to Amendment 821– Downward Adjustment; Amendment 814) AND MOTION FOR APPOINTMENT OF COUNSEL**

## CERTIFICATE OF SERVICE

I, **HUASCAR GALVEZ MONTOYA,** Reg. No. 75925-308, hereby certify that
I have served a true and correct copy of:

**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582, et seq.,
(Pursuant to Amendment 821 – 814); MOTION FOR AN ORDER DIRECTING THE
GOVERNMENT TO PROCURE/PRODUCE PETITIONER'S POST-
REHABILITATION DOCUMENTS; MOTION FOR AN ORDER DIRECTING THE
GOVERNMENT TO PROCURE/PRODUCE PETITIONER'S MEDICAL RECORDS
AND ADDITIONAL INFORMATION AND MOTION FOR APPOINTMENT OF
COUNSEL, ET AL.**

[which is considered filed/served at the moment it was delivered to prison

authorities for mailing as provided for in Houston v. Lack, 487 U.S. 266, 101

complete copy of the above-described materials in a sealed envelope affixed

with the appropriate pre-paid first-class United States postage: 1


**Iowa Southern District Court – Des Moines, IA**
**123 East Walnut Street**
**Des Moines, IA 50309-2035**

and deposited same with prison officials here at:

**FCI McDowell**
**FEDERAL CORRECTIONAL INSTITUTION**
**P.O.BOX 1009**
**WELCH, WV  24801**
Pursuant to Title 28 U.S.C. Section 1746, I declare under penalty of perjury that

the foregoing is true and correct.

August 1, 2024

**HUASCAR GALVEZ MONTOYA**
Reg. No. 75925-308
FCI McDowell
FEDERAL CORRECTIONAL
INSTITUTION
P.O.BOX 1009
WELCH, WV  24801

**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582, et seq. and USSG
1B1.10(3), (Pursuant to Amendment 821– Downward Adjustment; Amendment 814) AND
MOTION FOR APPOINTMENT OF COUNSEL**

# APPENDIX A

**MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582, et seq. and USSG 1B1.10(3), (Pursuant to Amendment 821– Downward Adjustment; Amendment 814) AND MOTION FOR APPOINTMENT OF COUNSEL**




# ≈ Certificate of Achievement ≈

### This certifies that

*Huascar Montoya*

### has satisfactorily completed

*Narcotics Anonymous*

### Consisting of __24__ Hours of Training

### This certificate is hereby issued this __10th__ day of __April__ , 20 __20__

_Ru Pir ccc_____     _____



# Certificate of Achievement

## This certifies that

Huascar Montoya

Reg. #75925-308

### *has satisfactorily completed*

WRITTEN COMMUNICATIONS

**Consisting of <u>12</u> hours of Training**

**This certificate is hereby issued this <u>29th</u> day of <u>Sept.</u>, 2015**

Psychology Services Department
Federal Corrections Complex (Low)
Beaumont, Texas 77720

*Gardiner*
*Secretary, Psychology Services*

# Certificate of Achievement

## This certifies that

Huascar Montoya

Reg. #75925-308

## *has satisfactorily completed*

Anger Management

## Consisting of 12 hours of Training

## This certificate is hereby issued this ___10th___ day of ___Nov.___, 2015

Psychology Services Department
Federal Corrections Complex (Low)
Beaumont, Texas 77720

_____

*A. Gardiner*
*Secretary, Psychology Services*

# Certificate of Achievement

## Huascar Montoya

has completed the required coursework for

# Bienes Raíces

Awarded this 15th day of December, 2015.

_M. Robinson_

M. Robinson, Assistant Supervisor of Education

_L. Devereaux_

L. Devereaux, A.C.E. Coordinator

# Certificate of Achievement

## Huascar Montoya

has completed the required coursework for

# Personal Finance

Awarded this 14th day of December, 2015.

_M. Robinson_

M. Robinson, Assistant Supervisor of Education

_L. Devereaux_

L. Devereaux, A.C.E. Coordinator

# Certificate of Achievement

## This certifies that

Huascar Montoya

Reg. #75925-308

## *has satisfactorily completed*

Stress Management

## Consisting of <u>12</u> hours of Training

## This certificate is hereby issued this <u>29th</u> day of <u>Sept.</u>, 2015

Psychology Services Department
Federal Corrections Complex (Low)
Beaumont, Texas 77720

*Gardiner, A.*
*Secretary, Psychology Services*

# Certificate of Achievement

## This certifies that

Huascar Montoya

Reg. #75925-308

### *has satisfactorily completed*

ANXIETY & PHOBIA MANAGEMENT

### Consisting of <u>12</u> hours of Training

### This certificate is hereby issued this <u>10th</u> day of <u>Nov.</u>, 2015

Psychology Services Department
Federal Corrections Complex (Low)
Beaumont, Texas 77720

*Gardiner, A.*
*Secretary, Psychology Services*



FCI McDowell Chapel, McDowell County, West Virginia
## Su Fin Esperado
Agosto 11th, 2016

Presentado a'

Huascar Montoya, Reg.#75925-308

**Anticipate Transformation!**

**RE-Entry 180**

Chaplain

# CERTIFICATE of ACHIEVEMENT

This certifies that

H. Montoya

Has successfully completed Lifeskills

and has earned 24 RPP hours in Sentry

_M. Toney_
Teacher

2-22-2018
Date

# Diploma of
# Bible Study Completion

### Presented to

## Huascar Montoya

### Little Lambs School of the Bible

### I was in prison and you visited me. Matthew 25:36

*Eileen Sala*
President

**September 25, 2017**
Date

A John & Eileen Sala Ministry
710 S. Eucalyptus St.
Sebring, Fl 33870

**Series Dos**
Course Completed

© GOES 34625

LITHO IN U.S.A.

# Diploma of
# Bible Study Completion

*Presented to*

## Huascar Montoya

### Little Lambs School of the Bible

*I was in prison and you visited me. Matthew 25:36*

*Eileen Sala*
President

**Marzo 8, 2018**
Date

*A John & Eileen Sala Ministry*
*710 S. Eucalyptus St.*
*Sebring, Fl 33870*

**Series Tres**
Course Completed

© GOES 3461

LITHO IN U.S.A.





# Certificate of Completion



## is presented to

## Montoya, Huascan 75925-308

## for

## Exercise and Mental Health



T. DICKENS Sports Specialist

04/18/2021

**Signature**

**Date**

## FCI McDowell Recreation



FCI McDowell Religious Services, McDowell County, West Virginia

## Campo de Batalla de el Mente

January 30, 2017

### Presentó Para

Huascar Montoya #75925-308

Mental Disciplina

Exitosa Terminación

Chaplain H. Collier

# Certificate of Completion

**This certifies that**

*Montoya Huascar*

**has satisfactorily completed**

**1 hour of**

## HEALTHY HEART LIVING

**This certificate is hereby issued this**
**6th day of May 2016**

*Kelly Lucas*, **Health Service Administrator**



# ≈ Certificate of Achievement ≈

**This certifies that**

*Huascar Montoya*

**has satisfactorily completed**
*Learning Spanish*

Consisting of __10__ Hours of Training

This certificate is hereby issued this __03rd__ day of __January__ , 20 __20__

APilia ccc _____                    _____



# Certificate of Completion

This certifies that

*Huascar Montoya*

**has satisfactorily completed**

**1 hour of**

## DIABETES AWARENESS

**This certificate is hereby issued this**

**14th day of April, 2017**

*Kelly Lucas*, Health Service Administrator

# Certificate of Completion

*This certifies that*

Huascar MonToya

*has satisfactorily completed*
*1 hour of*

## MANAGING HIGH BLOOD PRESSURE

*This certificate is hereby issued this*
*March 29, 2018*

*Kelly Lucas*, Health Service Administrator

# FCI MCDOWELL EDUCATION DEPARTMENT

# H. MONTOYA

Has successfully completed the TPC Training System Making Measurements

and has earned 15 hours in Sentry.

TEACHER: M. Janey 3/15/18

# FCI MCDOWELL EDUCATION DEPARTMENT

# H. MONTOYA

Has successfully completed the TPC Training System Mathematics in the Plant

and has earned 15 hours in Sentry.

TEACHER: M Joney   3/15/18

# Certificate

## Adult Co

THIS CERTIFICATE O

HU/

FOR SUCC

MATHEM/

EDUC

J. COLOBRO

TPC COORDINATOR

# LAMAR STATE COLLEGE - PORT ARTHUR
## PORT ARTHUR, TEXAS

*This is to certify that*

## HUASCAR MONTOYA

*has successfully completed*

## INDUSTRIAL SEWING

*conducted by the*

## DIVISION OF TECHNICAL PROGRAMS

Date __SEPTEMBER 2, 2015__

__240 CLOCK HOURS__



*Dean of Technical Programs*

*Program Director*

# CERTIFICATE OF RECOGNITION

AWARDED TO

## Huascar Montoya

75925-308

For his completion of the self-help book study
"Decide! How to Make Any Decision"
at FCI McDowell



*M. Williams, LMA*
M. Williams, M.A.
Drug Treatment Specialist

*09/24/19*
Date



**Certificado**

Esto certifica que

*Audscar Montoya*

ha completado el curso bíblico de Lámpara y Luz

**Peregrinos sobre la tierra**

habiendo ganado una calificación de

95%

*Persiste tú en lo que has aprendido y te persuadiste (2 Timoteo 3.14).*

Daryl Dellabach
Director

Lillian Riehl
Instructor

Publicadora Lámpara y Luz, 26 Road 5377, Farmington, NM 87401 EE.UU.

20 de octubre de 2017

42008/2-11



**Certificado**

Esto certifica que

*Hudscar Montoya*

ha completado el curso bíblico de Lámpara y Luz

**La mayordomía**

habiendo ganado una calificación de

94%

*Persiste tú en lo que has aprendido y te persuadiste (2 Timoteo 3.14).*

*Daryl Sollabach*
Director

*Lillian Riehl*
Instructor

Publicadora Lámpara y Luz, 26 Road 5577, Farmington, NM 87401 EE.UU.

13 de diciembre de 2017



**Certificado**

Esto certifica que

*Huáscar Montoya*

ha completado el curso bíblico de Lámpara y Luz

**EDIFICANDO HOGARES CRISTIANOS**

habiendo ganado una calificación de

*96%*

*Persiste tú en lo que has aprendido y te persuadiste (2 Timoteo 3.14).*

*Daryl Dellabach*
Director

*Lillian Riehl*
Instructor

Publicadora Lámpara y Luz, 26 Road 5577, Farmington, NM 87401 EE.UU.

13 de marzo de 2018




# ≋ Certificate of Achievement ≋

### This certifies that

*Huascar Montoya*

### has satisfactorily completed

*Narcotics Anonymous*

### Consisting of __24__ Hours of Training

### This certificate is hereby issued this __31st__ day of *January* , 20_20_





HUASCAR GALVEZ MONTOYA
REG. NO. 75925-308
FCI MCDOWELL
FEDERAL CORRECTIONAL INSTITUTION
PO BOX 1009
WELCH, WV 24801





"X-RAYED & CLEARED BY U.S.M.S."

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
123 EAST WALNUT STREET
DES MOINES, IA 50309-2035