IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HUASCAR GALVEZ MONTOYA,<br><br>Defendant. | No. 4:12-cr-00123-SHL-HCA-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE AND RELATED REQUESTS** |

Huascar Galvez Montoya, proceeding *pro se*, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on an unusually long sentence. (ECF 304.) Galvez Montoya also requests an order: (1) allowing family and friends to submit character letters on his behalf; (2) appointing an attorney for purposes of seeking relief under Amendments 821 and 814 to the United States Sentencing Guidelines; (3) directing the Government to procure/produce documents reflecting his rehabilitation; and (4) directing the Government to procure/produce his medical records. For the reasons set forth below, the Court DENIES all aspects of his motion.

I.  **BACKGROUND.**

On November 15, 2012, a grand jury in the Southern District of Iowa returned a multi-defendant Superseding Indictment charging Galvez Montoya with Conspiracy to Distribute Methamphetamine (Count One), and Conspiracy to Launder Monetary Instruments (Count Two). (ECF 75.) Galvez Montoya pled guilty to Count One and, pursuant to a written plea agreement, the Government agreed to dismiss Count Two at sentencing. (ECF 177; ECF 180.) At sentencing, the Court (Jarvey, J.) determined that Galvez Montoya had a Guidelines range of 324–405 months, based on a total offense level of 39 and a criminal history category of III. (ECF 219.) The Court varied downward 84 months from the low-end of the Guidelines range and sentenced Galvez Montoya to 240 months' imprisonment and 60 months' supervised release. (ECF 220.) The Eighth Circuit affirmed. *See United States v. Montoya*, 576 F. App'x 627 (8th Cir. 2014).

In the succeeding years, Galvez Montoya filed multiple motions requesting (1) a reduction in his sentence pursuant to changes in the United States Sentencing Guidelines or (2) compassionate release. (ECF 245; ECF 258; ECF 265; ECF 282; ECF 284.) Each of these

motions—and the subsequent requests for reconsideration and appeals to the Eighth Circuit—were denied. (ECF 247; ECF 253; ECF 259; ECF 263; ECF 270; ECF 275; ECF 280; ECF 283; ECF 290; ECF 294.)

In 2023, Galvez Montoya moved for retroactive relief pursuant to Amendment 821 to the Sentencing Guidelines. (ECF 297; ECF 300; ECF 301.) The Court determined that he was eligible for relief because the removal of two status points changed his criminal history category from Category III to Category II. (*See* ECF 222, ¶¶ 60–62.) With a total offense level of 37 (pursuant to Amendment 782, as recognized by the Court in the order dated April 13, 2015 (ECF 247)), Galvez Montoya's new Guidelines range was 235–293 months. After considering the factors set forth in 18 U.S.C. § 3553(a), the Court concluded that a sentence at the bottom of the amended range was sufficient but not greater than necessary to address the essential sentencing considerations. The Court reduced Galvez Montoya's sentence from 240 months to 235 months. (ECF 302.) In accordance with Amendment 821, the Court was not permitted to reduce Galvez Montoya's sentence any further.

Galvez Montoya now moves, again, for compassionate release. (ECF 304.) He asks the Court to reduce his sentence to time served and modify the terms of his supervised release. (Id., p. 1.) He argues that he received an unusually long sentence, of which he has served many years; that he has a record of rehabilitation; and that he has a low risk of recidivism based on his age and medical conditions. (Id., pp. 6, 7.) He does not appear to assert medical circumstances as an independent basis for compassionate release, and his prior motions for compassionate relief on this basis were rejected. (ECF 270; ECF 283; ECF 290.) He also makes several requests related to the motion, including that his family and friends be allowed to submit letters on his behalf (id., p. 8); for the appointment of an attorney (id., pp. 9–10); and for orders directing the Government to obtain certain documents on his behalf (id., pp. 11–12). He submitted several certificates of achievement and completion demonstrating his engagement with a variety of programs. (Id., pp. 15–40.) The Government did not file a response to his Motion.

## II. LEGAL STANDARDS AND ANALYSIS.

### A. *Legal Standards for Compassionate Release.*

18 U.S.C. § 3582(c)(1)(A) authorizes the Court to modify a sentence of imprisonment in certain circumstances. A prisoner seeking relief must first file a request with the Bureau of Prisons (BOP) asking it to bring a motion for compassionate release on the prisoner's behalf. 18 U.S.C. §

3582(c)(1)(A). This is a "mandatory" requirement; if it is not satisfied, the Court must dismiss the motion for compassionate release without prejudice. *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). Prisoners may file a First Step Act motion with the Court only if: (1) "the prisoner has 'fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion' on his behalf" or (2) thirty days have passed from the time the prisoner's request for compassionate release was received by the warden of the facility where the prisoner is incarcerated. *Id*. at 1083–84 (quoting 18 U.S.C. § 3582(c)(1)(A)).

If the exhaustion requirement has been satisfied, courts:

> *may* reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)) (emphasis in opinion but not statute). In evaluating whether to grant a motion for compassionate release under the First Step Act, the court first "must decide whether the defendant is eligible for relief." *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019). If so, "the court must decide, in its discretion, whether to grant a reduction." *Id*. "The compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022). Instead, the defendant bears the burden of providing "extraordinary and compelling circumstances" warranting a sentencing reduction. *Vangh*, 990 F.3d at 1140–41. A hearing is not required on a motion for compassionate release, *id*. at 1140, nor is the Court required to appoint counsel, *see United States v. Meeks*, 971 F.3d 830, 834 (8th Cir. 2020).

B. *Galvez Montoya Has Not Satisfied the Exhaustion Requirement*.

Galvez Montoya's motion does not allege that he made a request for compassionate release to the warden of his facility. He has therefore not exhausted administrative remedies, and his motion for compassionate release must be DENIED WITHOUT PREJUDICE. *See Houck,* 2 F4th at 1048.

To the extent Galvez Montoya's motion is understood as seeking additional relief under Amendment 821 (which is not subject to the exhaustion requirement) or is otherwise not subject to exhaustion, the Court nonetheless would not reduce his sentence. Part of Galvez Montoya's

argument arises under USSG § 1B1.13(b)(6), which provides that "an unusually long sentence" is, under some conditions, an extraordinary and compelling reason for a sentencing reduction. One of those conditions is that a change in the law (other than a non-retroactive Guidelines amendment) must produce a gross disparity between the defendant's sentence and the sentence likely to be imposed at the time the compassionate release motion is filed. USSG § 1B1.13(b)(6). Assuming without deciding that the United States Sentencing Commission had the authority to make non-retroactive changes to law for compassionate relief, Galvez Montoya has not identified any change in law that has produced a gross disparity in sentencing. As discussed above, Galvez Montoya has already received the benefit of retroactive changes to the Sentencing Guidelines: the Court reduced his sentence on April 29, 2024. (ECF 302.) Further, while a sentence of 240 months (now 235 months) is undoubtedly a long sentence, Galvez Montoya's original Guidelines range was 324–405 months. His new sentence is the bottom of the amended Guidelines range (235–293 months), which was reduced to reflect retroactive changes to the Sentencing Guidelines. There is no "gross disparity" in a person's sentence when he is sentenced within the present-day Sentencing Guidelines range.

Galvez Montoya also asks the Court to consider his post-sentencing rehabilitation. The Court has reviewed the documentation submitted by Galvez Montoya and commends his efforts to participate in programming. However, rehabilitation, is not in and of itself or in combination with his other arguments enough to constitute an "extraordinary and compelling reason." USSG §1B1.13(d); *see also United States v. Fine*, 982 F.3d 1117, 1119 (8th Cir. 2020).

Galvez Montoya's emphasis on his reduced recidivism risk is similarly misplaced. This is, essentially, a request for the Court to consider the factors set forth in 18 U.S.C. § 3553(a)—including, specifically, public safety—as part of determining whether "extraordinary and compelling reasons" exist. The compassionate release statute states, however, that the Court is to consider the factors set forth in § 3553(a) only "if it finds that – (i) extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). In other words, Galvez Montoya must make a threshold showing of "extraordinary and compelling reasons" before the Court can reach the § 3553(a) factors. Galvez Montoya's argument flips the statute on its head by asking the Court to use the § 3553(a) factors as a reason for finding "extraordinary and compelling reasons." The Court's discretion is not so broad. *See Crandall*, 25 F.4th at 586.

### C. Galvez Montoya's Related Requests Are Denied as Moot.

Galvez Montoya has not identified any authority allowing the Court to order the Government to obtain his BOP medical or rehabilitative records. Further, for the reasons discussed above, the medical and rehabilitative records are immaterial because Galvez Montoya has not exhausted administrative remedies or identified "extraordinary and compelling reasons" for the Court did reduce his sentence. Accordingly, his Motion for an Order Directing the Government to Procure/Produce Petitioner's Post-Rehabilitation Documents and his Motion for an Order Directing the Government to Procure/Produce Petitioner's Medical Records are DENIED AS MOOT.

Likewise, because the Court does not reach the § 3553(a) factors, Galvez Montoya's request for leave to submit letters of support is DENIED AS MOOT. The Court notes, in any event, that it reviewed the recent letters of support filed in connection with Galvez Montoya's Amendment 821 Motion and used them as a basis for reducing his sentence to the full extent possible. (ECF 298; ECF 299.)

Finally, because the Court already granted Galvez Montoya relief as to Amendment 821, his request for appointment of counsel as to that issue is DENIED AS MOOT. The Court is not required to appoint counsel on a motion for compassionate release, *see Meeks*, 971 F.3d at 834, and declines to do so here. This request is DENIED.

### III. CONCLUSION.

Because Galvez Montoya has not shown that he exhausted administrative remedies, the Court DENIES WITHOUT PREJUDICE his motion for compassionate release. (ECF 304.) His related requests are DENIED and DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: September 30, 2024

_____
STEPHEN H. LOCHER
U.S. DISTRICT JUDGE